# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC CHRISTOPHER HALL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 10-0870 |
| GEORGE WAGNER, | : | |
| Defendant. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **OCTOBER 29, 2010**

Presently before the Court is Defendant George Wagner's ("Wagner" or "Defendant") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's Motion is granted.

### I.    BACKGROUND

Plaintiff Eric Christopher Hall ("Hall" or "Plaintiff") initiated this pro se 42 U.S.C. § 1983 civil rights action against Wagner based on an incident that occurred while he was incarcerated at Berks County Prison (the "Prison"). Notably, Wagner is the Warden at the Prison. Specifically, Hall alleges that he was injured when a weld on the frame of a bunk bed broke as he was climbing onto the top bunk.

On June 17, 2010, Hall filed his original Complaint in this Court. Hall's Complaint consists of the following allegations:

> I was climbing onto the top bunk when the frame broke from the weld that held it together.

> 1. [Wagner] is allowing conditions to exist in his prison that are unsafe. There is no step ladder to safely ascend to the top bunk, therefore causing my injuries.
>
> 2. [Wagner] allowed conditions in his prison so extreme that the weld that held this repaired bunk together was faulty, therefore causing my injury.
>
> 3. [Wagner] failed to protect me from injury while in his prison.

(Compl. at 4.)

On June 28, 2010, Hall filed an Amended Complaint which describes his alleged injuries in more detail. The Amended Complaint states:

> "I, Eric C. Hall, sustained lower back injuries when the bed broke upon me trying to get on the top bunk. The medical treatment that I've been receiving has been only pain medication. I have been scheduled for a M.R.I. and possible surgery by Dr. Gessner because the pain has not subsided. The symptons [sic] of my injuries are consistent with a pinched nerve (sciatic), also stated by Dr. Gessner. I have all of the sick calls and request slip responses concerning the time spand [sic] and continuing complaints of my discomfort. If any further information is necessary please inform me of the spcifics [sic].

(Am. Compl. at 1.) The Court will consider the allegations in both the original Complaint and Amended Complaint for purposes of the instant Motion.

## II.     STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atlantic Corporation v. Twombly, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

2

do." 550 U.S. 544, 555 (2007).

Following Twombly, the Third Circuit has explained that the factual allegations in the complaint may not be "so undeveloped that it does not provide a defendant the type of notice which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 563 n.8). Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting Twombly, 550 U.S. at 555). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. (quoting Twombly, 550 U.S. at 556).

In Ashcroft v. Iqbal, the Supreme Court applied the Twombly standard, stating that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). The Supreme Court explained that deciding whether a "complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

Notwithstanding Twombly and Iqbal, the general rules of pleading still require only a

3

short and plain statement of the claim showing that the pleader is entitled to relief, not detailed factual allegations. Phillips, 515 F.3d at 231. Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. Id.; Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). The court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

Importantly, it is well-settled that pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Pro se complaints, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Id. "If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements." Sloan v. Brooks, No. 08-163, 2010 WL 3420675, at *2 (W.D. Pa. Aug. 10, 2010) (citations omitted). Pursuant to these liberal pleading rules, "during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant." Id. (citing Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997)).

### III.  DISCUSSION

#### A.  The Instant Motion is Uncontested

As an initial matter, Defendant's Motion is uncontested. Local Civil Rule 7.1(c) states, in relevant part:

Unless the parties have agreed upon a different schedule and such agreement is

> approved under Local Civil Rule 7.4 and is set forth in the motion, or unless the Court directs otherwise, ***any party opposing the motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief . . . . In the absence of timely response, the motion may be granted as uncontested*** except that a summary judgment motion, to which there has been no timely response, will be governed by Fed. R. Civ. P. 56(c).

Loc. R. Civ. P. 7.1(c) (emphasis added); Fleming v. U.S. Veterans Admin. Med. Ctrs., 348 F. App'x. 737, 738 (3d Cir. 2009) ("We agree that the District Court acted within its authority to dismiss the complaint as unopposed pursuant to the Local Civil Rules.").

In this case, Wagner filed the current Motion on August 26, 2010. To date, Hall has not filed a response or requested an extension of time to file a response. Thus, under the plain language of the Local Rule, it would be appropriate to grant the Motion as uncontested. Nevertheless, because the Third Circuit "has recommended that trial courts not grant motions to dismiss pursuant to Rule 12(b)(6) in pro se civil rights actions without analyzing the merits of the underlying complaint," we will examine the allegations in both Complaints and dispose of the Motion on the merits rather than grant it as uncontested. Credico v. Penn. State Police, No. 09-691, 2010 WL 331700, at *1 n.1 (E.D. Pa. Jan. 27, 2010) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)).

### B. Hall's Claim Under The Eighth Amendment

In the instant Motion, Wagner argues that Hall has failed to adequately plead a constitutional violation. Although it is not explicitly set forth in the pleadings, we will infer from the pro se Complaints that Hall is proceeding under the Eighth Amendment – alleging that

Wagner subjected him to cruel and unusual punishment while he was incarcerated.[1]  We agree that Plaintiff has failed to sufficiently plead an Eighth Amendment violation.

Pursuant to the Eighth Amendment, prisoners are protected from cruel and unusual punishment.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Significantly, however, "not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights."  Booth v. King, 228 F. App'x 167, 171 (3d Cir. 2007).  "Cruel and unusual punishment will only be found 'where viewing the totality of the conditions in the prison, the inmate's conditions of confinement, alone or in combination, deprive him of the minimal civilized measure of life's necessities.'"  Sloan v. Brooks, No. 08-163, 2010 WL 3420675, at *5 (E.D. Pa. Aug. 10, 2010) (quoting Booth, 228 F. App'x at 171).  The United States Supreme Court has made clear that liability under § 1983 requires "more than ordinary lack of due care for the prisoner's interests or safety."  Whitley v. Albers, 475 U.S. 312, 319 (1986).

An Eighth Amendment claim against a prison official meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious" and (2) the "prison official must have a sufficiently culpable state of mind."  Farmer, 511 U.S. at 834; see also Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).  "In prison conditions cases, 'that state of mind is one of deliberate indifference to inmate health or safety.'"  Kimble v. Tennis, No. 05-1871, 2006

---

[1] The pleadings do not specify whether Hall was a convicted prisoner or a pretrial detainee at the time of the alleged constitutional violation.  Nevertheless, "[a]lthough the Eighth Amendment's proscription of 'cruel and unusual' punishments applies only to convicted prisoners and not to pretrial detainees, it is well-settled that the due process clause of the Fourteenth Amendment guarantees detainees the same level of protection mandated by the Eighth Amendment for convicted persons."  McKnight v. McDuffie, No. 405-183, 2007 WL 1087280, at *3 n.2 (S.D. Ga. Apr. 9, 2007) (citing Hamm v. DeKalb Cty., 774 F.2d 1567, 1573-74 (11th Cir. 1985)).  As a result, the Court will analyze this prison conditions case in light of the relevant Eighth Amendment jurisprudence.

WL 1548950, at *2 (M.D. Pa. June 5, 2006) (quoting Farmer, 511 U.S. at 834).

The second prong of the Farmer test is a subjective one, requiring the Plaintiff to establish that Defendants acted with deliberate indifference. Davila-Bajana v. Holohan, No. 04-253, 2010 WL 2757104, at *9 (W.D. Pa. June 17, 2010). "To establish deliberate indifference: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference." Id. (citing Farmer, 511 U.S. at 837).

Here, Hall has failed to plead a cognizable claim of an Eighth Amendment violation against Wagner. Specifically, he has not alleged that Wagner was aware of any unsafe conditions related to the bunk bed or deliberately disregarded any potential issues. Hall has simply not provided this Court with any direct or circumstantial facts that would support a conclusion that Wagner was subjectively aware of a risk of harm associated with the structure of the relevant bed.

As the Third Circuit has stated, "[m]ere negligence claims do not constitute 'deliberate indifference.'" Innis v. Wilson, 334 F. App'x. 454, 457 (3d Cir. 2009). Moreover, "[a]n accidental injury does not amount to an Eighth Amendment violation when prison officials act negligently or are unaware of a substantial risk of serious harm, which results in injury." Bennett v. City of Philadelphia, No. 07-2794, 2008 WL 4211701, at *6 (E.D. Pa. Sept. 9, 2008). At most, Plaintiff alleges mere negligence or an accidental injury. The facts alleged certainly do not set forth that Wagner was deliberately indifferent to any risk to Hall's safety or that Hall was

7

subjected to any cruel and unusual punishment.[2]

For the reasons set forth above, the Court finds that Hall's Complaint and Amended Complaint must be dismissed.

An appropriate Order follows.

---

[2] Hall's action under § 1983 also fails to the extent that it is based on a theory of respondeat superior. "Claims brought under § 1983 cannot be premised on [this theory]." Kimble, 2006 WL 1548950, at *2 (M.D. Pa. June 5, 2006) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim." Id. As the Third Circuit has stated, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or actual knowledge and acquiescence." Rode, 845 F.2d at 1207. In this case, Hall has not averred that Wagner had any personal involvement in the events or occurrences leading up to incident with the bunk bed. Thus, any claim for supervisory liability fails at this stage in the litigation.